UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS M. DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLES,<br><br>    Respondent. | No. 1:18-cv-01569-SKO (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Doc. 1)** |

**SCREENING ORDER**

Petitioner, Curtis M. Davis, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition seeks review of a decision of the California state trial court.

**I.**     **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A

1

petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. <u>Procedural and Factual Background</u>

Petitioner filed his petition on November 15, 2018. Petitioner was convicted of murder by the Fresno County Superior Court, but did not include the date of his conviction. If Petitioner elects to amend his petition, as this order permits him to do, he must set forth the factual and procedural history in a brief, clear, and simple manner, using the form of petition for habeas corpus pursuant to 28 U.S.C. § 2254, which the Clerk of Court will forward to him with his copy of this order.

## III. <u>Standard of Review</u>

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.*

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court must apply its provisions. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

2

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Put another way, a federal court may grant habeas relief only when the state court's application of Supreme Court precedent was objectively unreasonable and no fair-minded

jurist could disagree that the state court's decision conflicted with Supreme Court's precedent. *Williams*, 529 U.S. at 411.

**IV.     Appropriate Respondent**

Petitioner names "Peoples" as the Respondent. A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name as the respondent only the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). The chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate. *Ortiz-Sandoval*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.

**V.     Exhaustion of State Remedies**

It is not clear from the petition whether Petitioner has exhausted his alleged claims. It appears he may have filed a petition for writ of habeas corpus with the Fresno County Superior Court, but Petitioner does not provide any specific information.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan*

4

*v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). If any of grounds for collateral relief set forth in a petition for habeas corpus are unexhausted, the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

## VIII. Conclusion and Order

The Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend.
2. The Clerk's Office shall send Petitioner a copy of this order and a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.
3. Within thirty (30) days of service of this order, Petitioner may file an amended petition. Petitioner shall name as respondent the warden of the institution in which he is incarcerated. Petitioner shall fully complete the form for the amended petition, including all claims and the facts supporting each claim.

4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **November 20, 2018**               /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE